No. 8839.

## S. B. & J. T. McClellan vs. F. L. Maxwell et al.

A married woman separated in property mortgages her plantation, and dies, leaving a will and the property mortgaged to her surviving husband. The husband dies before the wife's will is probated, leaving by will the same property to his nephew. Under an order of seizure and sale the mortgaged property is seized, and the proceedings are conducted contradictorily with the executors of the husband's will. The executors enjoin, and their injunction is dissolved, and the executors do not appeal, but an appeal is afterwards taken by the legatee under the husband's will. Held, that such appellant cannot urge, for the first time before the appellate court, that the order of seizure issued on insufficient evidence, and that the wife's succession was not represented in the proceedings, there being no such issues raised by the pleadings in the injunction suit, to which pleadings the attention of the Court must be confined.

APPEAL from the Eighth District Court, Parish of Madison. Delony, J.

J. C. Seale for Plaintiffs and Appellants:

McClellan vs. Maxwell et al.

A judgment rendered against an unrepresented dead person is null; also without citation. 29 An. 647; 22 An. 23; 24 An. 253.

The immediate rights of an heir remain in abeyance until he decides whether he accepts or rejects a succession. A beneficiary heir has but a residuary interest, which can only be determined when the succession has been duly administered. 17 An. 41; C. C. 946, 1033, 1073.

There being debts, and the heirs having accepted with benefit of inventory, an administration is necessary. 28 An. 859.

A married woman over the age of twenty-one years of age may, by and with the authorization of her husband, and with the sanction of the Judge, contract debts, and to secure the same grant mortgages on her separate estate, (C. C. 126); and on presenting to a notary the certificate, it shall be his authority for drawing the act of mortgage. C. C. 128.

Executory process cannot issue on a mortgage executed by a married woman, without authentic evidence that the debt secured enured to her separate benefit, which can only be shown by certificate of the Judge. C. C. 128; 20 An. 229; 24 An. 96.

*Farrar & Spencer* for Defendants and Appellees :

The executor, under the will, in possession for the heirs of the mortgaged property, is the proper person to serve notice, in foreclosing the mortgage under executory process. 20 An. 375; 1 An. 205.

The only difference, where a married woman is authorized by the Judge, or by her husband, from whom she is separate in property, to give a mortgage on her property, is, that when authorized by the Judge, the burthen of proof is on her to show that the debt did not enure to her benefit; but where the authority is given by the husband only, the burthen of proof falls on the creditor, to show that the debt did enure to her benefit, 15 An. 54, and authorities there cited.

---

The opinion of the Court was delivered by

TODD, J. On the 24th of February, 1876, Mrs. Eliza Thompson, wife of Josiah Stanbrough, executed, with the authority of her husband, three several promissory notes for $800 each, in favor of the defendant, Maxwell, and to secure their payment, at the same time gave him a special mortgage on her "Joan Plantation," in the Parish of Madison.

After the execution of this mortgage Mrs. Stanbrough died, leaving a last will, appointing her husband, Josiah Stanbrough, executor, and constituting him her universal legatee.

A short time after her death, the husband, Josiah Stanbrough, also died. He likewise left a will devising all his estate to his nephew, Jesse Josiah Stanbrough, and naming the plaintiffs the executors thereof, who qualified as such, and caused the last will of the said deceased and also of Mrs. Stanbrough to be probated.

On the 10th of February, 1881, the defendant, Maxwell, obtained an order of seizure and sale on the notes and mortgage of Mrs. Stanbrough above described, under which the "Joan Plantation," the mortgaged property, was seized. Notices of this order of seizure and sale were directed to and served on the executors of the last will of Josiah Stanbrough, the plaintiffs herein, no executors having been appointed to the will of Mrs. Stanbrough.

An injunction was taken out against this order of seizure and sale by these executors, which, upon trial, was dissolved, the judgment being rendered on the 18th of January, 1882. An appeal was applied for and obtained from this judgment by the executors, but was not prosecuted by them.

On the 24th of November, 1882, an appeal from said judgment was applied for and granted in behalf of Jesse Josiah Stanbrough, the said universal legatee of Josiah Stanbrough, then and still a minor, through his father and natural tutor, and on this appeal the case is before us.

The appellant, who, it will appear from the foregoing statement, was no party to the proceedings in the lower court, has filed in this Court an assignment of errors, suggesting substantially that the order of seizure and sale issued on insufficient evidence, touching the authority of Mrs. Stanbrough to bind herself for the debt proceeded on, and also denying that her succession was represented in the notice and proceedings under it.

In view of such assignment and suggestions it becomes necessary to state that, even admitting that these matters could be made the grounds for an injunction, and could be taken advantage of otherwise than by an appeal from the order of seizure and sale, in the determination of this case we cannot go outside of the record, and must confine our attention solely to the pleadings and the issues between the parties to this injunction suit, the executors of Josiah Stanbrough on the one side, and Maxwell, the alleged creditor of Mrs. Stanbrough, on the other.

We can only review, on this appeal of a third party to the proceedings, the issues presented by the record.

These alleged irregularities, to which our attention is invited, touching the insufficiency of the evidence on which the order in question issued, is not raised by the pleadings. On the contrary, the executors of Josiah Stanbrough, the plaintiffs in the injunction, in their petition for the injunction, justified their right to resist the execution of the order of seizure and sale issued on the mortgage consented by Mrs. Stanbrough; on the claim that Josiah Stanbrough, the husband, was the heir-at-law and the universal legatee of his wife.

Referring, then, to the pleadings in the case, we find that the plaintiffs, as executors aforesaid, resisted the order to sell the mortgaged property on grounds substantially as follows:

1. That there were privilege and mortgage debts against both of said successions; that the succession of Josiah Stanbrough might prove insolvent, and that the time allowed for the payment of these debts had not expired.

McClellan vs. Maxwell et al.

2. That the alleged mortgage debt had been extinguished by payments in cotton and money.

3. That the debt in question was really a debt of the husband, for which Mrs. Stanbrough could not legally bind herself.

4. That the debt which formed the consideration of the notes and mortgage was prescribed when they were executed.

The answer of Maxwell, the seizing creditor, was, in effect, the general issue.

Such are, in brief, the only matters for our consideration under the pleadings. And the character of these pleadings contracts the issues still more than would appear from the above formal statement; for the plea of payment, under a well known rule, is an acknowledgment of the existence of the debt, and narrows the issue to its alleged payment. It is, in fact, nowhere alleged in the petition that there was no debt to the amount of the notes, but only that it was the debt of the husband. On the trial, however, the main effort was made to show that when the notes were given, there was no prior debt, or that the debt that they, with the accompanying mortgage, were given to secure, was not in existence at the time of their execution.

We have examined the proof in the record, and whether we consider the grounds of the injunction at length, as set out formally in the petition, or as shortened and narrowed by the character of the pleas urged, we are satisfied that none of these grounds are sustained by the evidence or the law applicable to them. Under different pleadings the result might have been different; but as the record presents the issues, and considering the evidence as it bears upon them, we find no reason for disturbing the judgment complained of.

It is proper, however, in this connection and in conclusion to say, that we do not decide whether or not the order of seizure and sale, issued on insufficient evidence, and whether the plaintiffs, as executors of the succession of Josiah Stanbrough, could or did legally represent the succession of Mrs. Stanbrough, or whether Josiah Stanbrough had or not accepted the succession or the universal legacy, under the last will of his predeceased wife, and became invested with the absolute ownership of her estate, including the mortgaged property before his death, and whether his executors could or not accept said succession. These are questions discussed by the counsel, but under the pleadings we are not now called on to decide any of them.

Judgment affirmed with costs.